[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a habeas petition claiming that the Petitioner has been classified as a Level (3) sex offender when in fact he had never been convicted of a sexual crime. Petitioner says that because of this he will never be given access to certain programs or be allowed to become a Level (2). According to the Petitioner he was told on August 22, 2000 that he was being so classified as a Level (3) sex offender because of what was contained in his Pre Sentence Investigation report.
This Court has reviewed, in camera, the PSI report, and although the Petitioner's ex-wife complained that he sexually assaulted her, he not only denied it but was never convicted of that offense. He was found guilty of Burglary in the First Degree, a felony, and Assault Third Degree, a misdemeanor. There does not seem to this Court to be sufficient evidence in the PSI report to warrant a conclusion that he committed a sexual offense, and, therefore, he should not be so classified.
However, this is a call to be made by the Department of Corrections, not the Court. Respondent filed a Motion to Dismiss dated August 27, 2002 claiming that this Court does not have jurisdiction over classification. The Respondent is correct.
It is well-settled law in Connecticut that an inmate does not have a liberty interest in classification. Habeas corpus is limited to those situations in which it is claimed that the Petitioner is illegally confined or deprived of his liberty. Wheway v. Warden, 215 Conn. 418,430-31 (1990). This Court has also ruled on several occasions that classification of a prisoner does not implicate a liberty interest, and, therefore, the habeas court does not have jurisdiction over the habeas petition. See Tart v. Commissioner of Correction, Conn.,2001 Ct. Sup. 9114, 9116 (Jul. 7, 2001) (Rittenband, JTR); Omar Millerv. Warden, 2000 Conn. Super. LEXIS 1928, July 21, 2000; and Grebla v.Warden, 2001 Conn. Super. LEXIS 974, March 28, 2001. CT Page 13171
Further, in Neal v. Shimoda, 905 F. Sup. 813, 818 (D.Haw. 1995), the petitioner claimed that he was wrongly labeled as a sex offender in violation of the due process clause. The District Court in rejecting the petitioner's argument stated:
 "[T]hat plaintiff's sex offender classification may alter his custody level and eligibility for parole does not elevate the interest to a constitutional level as plaintiff has neither a constitutional right to a particular custody level or being released on parole. . . . Because plaintiff has no liberty interest in housing, classification, furlough, parole or not being labeled as a sex offender, Defendants are not required to provide the procedural protections guaranteed by the Due Process Clause before taking any action affecting these conditions of plaintiff's imprisonment. Thus, the Court finds that Defendants did not violate plaintiff's Fourteenth Amendment right to due process by labeling him as a sex offender."
For the above reasons, the Respondent's Motion to Dismiss is granted. However, the Attorney General is ordered to provide to the Commissioner of Corrections a copy of this decision and the PSI report which the Court has reviewed.
____________________ Rittenband, JTR CT Page 13172